STATE, EX REL. SPICCIA, RELATOR, v. ABATE, BUILDING COMMISSIONER, ETC., ET, RESPONDENTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26583. Decided February 20, 1964.

*Mr. Sanford W. Likover*, for relator.
*Mr. William H. Stein*, for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. Relator asks the court to issue a writ to compel respondents, Joseph Abate, Building Commissioners of the City of Richmond Heights and the City of Richmond Heights, to issue a building permit for the erection of a Dairy Queen restaurant on a parcel of real estate, on which he has an option to lease, known as Sublots Nos. 5 and 6 on Monticello Boulevard in the City of Richmond Heights. A building permit has been refused by the Building Commissioner on the grounds that the property is zoned for a Class U-5 Use which provides for general retail and wholesale businesses, that the proposed Dairy Queen restaurant is a "Drive-in Restaurant," and that a "Drive-In Restaurant" is permitted only under a zoning classification known as a Class U-6 Use. The facts, in the main, are stipulated and are supplemented by a transcript of additional evidence taken before a Master Commissioner.

The franchise holder for the Dairy Queen Corporation testified with respect to the nature of the business to be conducted as follows:

"* * * In the new operation we have a sandwich called 'The Brazier' which is a char broiled hamburger together with french fries and hot dog and a few others, possibly a fish sandwich * * *."

and

"* * * all the serving will be done inside and there will be tables and chairs provided inside the store if they so desire to consume the product there. They can also eat out on the patio where we have picnic benches. They can also take it home or take it in their car. But everyone will be served inside which is just the opposite of the original stores where everyone was served outside."

Under the undisputed facts, provisions of the Charter and the ordinances of the City of Richmond Heights applicable thereto, we conclude and, therefore, hold that the relator has shown a clear legal right to the issuance of a writ of mandamus for the following reasons:

1. Sublots Nos. 5 and 6 upon which relator has an option to lease are zoned for general retail and wholesale business, to wit: a Class U-5 Use which specifies "restaurant;"

2. The structure is to be used for the preparation and sale of food products to be eaten inside the building, on a patio, or to be carried away by the purchaser;

3. The business intended is that of a "restaurant" under common and ordinary meaning. *Food Corporation* v. *Zoning Board of Adjustment*, 384 Pa., 288, 121 A. (2d), 94; Webster's Third New International Dictionary, Unabridged.

4. The business intended is not that of a "Drive-In Restaurant" under the common and ordinary meaning of that expression.

Webster's Third New International Dictionary, Unabridged, defines "drive-in" as follows: "a place of business (as a motion picture theater, bank or refreshment stand) laid out and equipped so as to allow its patrons to be served or accommodated while remaining in their automobiles (a new *drive-in* business) (the convenient *drive-in* window at the bank) (let's eat at the *drive-in* tonight);"

5. The plans and specifications of the structure in question conform to all building and zoning ordinances; and

6. Relator has exhausted all administrative remedies.

Writ to issue.

Exceptions. Order see journal.

KOVACHY, P. J., SILBERT and CORRIGAN, JJ., concur.